JULY TERM, 1883, No. 163.          MARCH 26, 1884.

## Hoffner *v.* The Logan Square Building and Loan Association.

In a *scire facias* upon a mortgage given to a building association by one of its members to secure the payment of a loan, interest, and dues, the plaintiff claimed a balance due of $511. The defendant filed an affidavit of defense, setting forth that he was charged with $130 for ten month's interest on the loan and received no credit for interest upon money paid in or upon the stock; that he is entitled to credit for $104, being eight months' interest paid in advance of receipt of the loan and never credited ; and that if these sums were credited the amount due upon the mortgage would not exceed $200. *Held,* that the affidavit was sufficient to carry the case to a jury, though it ap-

[Hoffner *v.* The Logan Square Building and Loan Assaciation.]

peared, by statement set forth therein, that he had been credited generally with $2,219 for dues paid.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, GREEN, and CLARK, JJ. STERRETT, J., absent.

Error to the Court of Common Pleas, No. 1, of *Philadelphia County.*

*Scire facias sur* mortgage by the Logan Square Building and Loan Association, No. 2, against Edwin M. Hoffner.

The mortgage upon which suit was brought was given by Hoffner to the building association on December 19, 1874, to secure the payment of $2,600 at any time within ten years from the date thereof, together with lawful interest thereon, payable on the first Thursday of each and every month thereafter; and also to secure the payment by said Hoffner to said building association the sum of $13 on the first Thursday of each and every month, as a contribution on thirteen shares of capital stock of said association owned by said Hoffner; and providing that, in case of default in the payment of said principal or interest, or in default of the payment of said monthly dues for a space of six months after any payment thereof should fall due, that then the whole of the principal debt should immediately become due and payable. And it is averred in said writ that default has been made in the payment of said interest and monthly dues for more than six months after the same became due, whereby the whole principal debt has become due.

To this suit defendant filed the following affidavit of defense:

"That he hath a just, true, and legal defense to plaintiff's claim herein of the following nature and character, to wit: This is a *scire facias sur* mortgage issued upon the alleged default of deponent to pay dues and interest (as specified in said mortgage) for the space of six months. Deponent says that by the by-laws of said association (Art. two, sec. two) the stated meetings of the board of directors to receive dues and interest should be held on the first Thursday of each and every month, and no other time is anywhere provided for, on which dues and interest shall be paid. Deponent says that no meetings of said board of directors have been held since March, 1881, whereby deponent is advised and believes that the obligation imposed upon him by said mortgage to pay said dues and interest monthly ceased and determined. De-

[Hoffner *v.* The Logan Square Building and Loan Association.]

ponent further says : That said association has been for the last two years in process of liquidation or settlement. That deponent has been furnished by the secretary of the association with four different statements, at different times, of the amounts due by him upon said mortgage, the amounts thereof varying from $1,235 25 to $511. That by the last statement of January 30, 1883, said plaintiffs claim that there is due upon said mortgage the sum of $511. A copy of said statement is hereto attached and made part of this affidavit. By said statement deponent is charged with $130 for ten months' interest on loan, but no credit whatever is given him for interest upon money paid in or upon stock. Deponent further says that he is entitled to a further credit of one hundred and four dollars, being for eight months' interest, at thirteen dollars per month, paid by deponent in advance of receipt of the loan, and which has never been credited to deponent. That, allowing deponent credit for this excess of interest paid by him and credit for interest upon the money paid in by him on account of said loan, deponent will not owe, according to plaintiffs' own statement, more than two hundred dollars. Deponent further says, however, that he does not owe plaintiffs any sum whatever upon said loan, according to the best of his information and belief. The last statement issued by said association showed an excess of assets over liabilities of over four thousand dollars. That deponent believes that a fair settlement of the affairs of said association, and allowing deponent his fair proportion of the excess of assets, will fully pay and satisfy any and all debt due by deponent upon said bond and mortgage."

The statement referred to in the affidavit was as follows :

"Edwin M. Hoffner, in account with Logan Square Building and Loan Association, No. 2 :

| | |
|---|---|
| To loan in thirteen shares, 2d series, . . . . | $2,600 00 |
| To interest due to Feb'y 1, 1883, . . . . . . | 130 00 |

| | |
|---|---|
| Credit, . . . . . . . . . . . . . . . . | $2,730 00 |

| | | |
|---|---|---|
| By dues paid on 22 shares to Jan. 1, 1881, . . . . . . . . . . . . | $2,024 00 | |
| By dues paid on 13 shares from Jan. 1, 1881, to March 1, 1882, . . . . . . | 195 00 | |
| | | 2,219 00 |

Amt. required to repay loan Feb. 1, 1883, . . . $511 00"

[Karstein *et al. v.* Bauer.]

On June 2, 1883, the Court entered judgment against defendant for want of a sufficient affidavit of defense.

The defendant thereupon took this writ assigning for error the action of the Court as above.

*Edwin O. Michener* for plaintiff in error.

*John S. Gerhard* for defendant in error.

April 28, 1884, the opinion of the Court was delivered by GREEN, J.:

Assuming, as we must, the truth of all the matters contained in the affidavit of defense, it seems to us there was enough in this affidavit to carry the case to a jury. The defendant swears that he was charged $130 for ten months' interest on the loan, and received no credit for interest upon money paid in or upon the stock. He says also that he is entitled to credit for $104, being eight months' interest paid in advance of receipt of the loan and never credited. It is true, the plaintiffs reply orally to this by saying that the $104 are credited as part of the sum of $2,024, for which credit is given, but we cannot consider anything but the allegations contained in the affidavit. The items which make up the credit of $2,024 do not appear in the plaintiff's statement, and hence we cannot know whether that credit includes the sums which the defendant says in his affidavit he has paid and has no credit for or not. He further says that if these sums were credited, the amount due on the mortgage would not exceed two hundred dollars. In these circumstances, we think the affidavit is sufficient to entitle him to a hearing on the question of the amount actually due. Of course we decide nothing as to the merits of the defense in regard to the payments claimed.

Judgment reversed and *procedendo* awarded.